**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40298
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD L. CRAIG; ROBIN L. ROSS, also known as Twice R.,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CR-11-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard L. Craig and Robin L. Ross appeal their convictions
and sentences for conspiracy to possess stolen mail matter and to
commit money laundering and nine counts of possession of stolen
mail matter. Craig argues that the district court erred by
denying his motion to dismiss the charges against him based upon
an alleged Brady[**] violation. Craig further asserts that the
district court erred by using the 2000 guidelines, the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] See Brady v. Maryland, 373 U.S. 83 (1963).

in effect at the time of his offenses, instead of the 2003 guidelines, the guidelines in effect at the time of his sentencing. For the first time on appeal, Craig contends that the district court's application of a four-level enhancement to his offense level for his being an organizer or leader of a criminal activity involving five or more participants was unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004).

Ross argues that the district court clearly erred by finding that he was a manager or supervisor of the criminal activity and that the district court erred by applying the 2000 guidelines instead of the 2003 guidelines without sufficiently explaining its reasoning. Ross additionally asserts that the district court erred by finding that he would receive a lesser sentence under the 2000 guidelines because his base offense level would be lower under the 2003 guidelines. While Ross may have had a lower base offense level under the 2003 guidelines, the district court adopted the probation officer's finding that Ross's total offense level would have been higher under the 2003 guidelines because of adjustments to the base offense level. As Ross has not challenged the district court's finding that his total offense level was lower under the 2000 guidelines, he has waived any such argument and failed to show that the district court erred. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Given the overwhelming evidence against Craig presented at trial and that the allegedly exculpatory statements suppressed by the Government were presented to the jury, Craig has not shown that there is a reasonable probability that the result of his trial would have been different if the statements had been disclosed to him prior to trial. See United States v. Freeman, 164 F.3d 243, 248-49 (5th Cir. 1999). Accordingly, Craig has not shown that the Government committed a Brady violation or that the district court erred by denying his motion to dismiss. See Little v. Johnson, 162 F.3d 855, 861-62 (5th Cir. 1998).

Craig's guidelines sentencing range under the 2003 guidelines would have been higher than his guidelines sentencing range under the 2000 guidelines. Accordingly, the district court did not err by using the 2000 guidelines to calculate Craig's sentence. See United States v. Thomas, 12 F.3d 1350, 1370 (5th Cir. 1994). Craig's Blakely argument is foreclosed by this court's opinion in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263).

The evidence before the district court showed that Ross recruited co-conspirators and, at times, directed their actions. Accordingly, the district court's finding that Ross was a manager or supervisor of the criminal activity and its application of a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) was not

clearly erroneous.  See United States v. Palomo, 998 F.2d 253, 257-58 (5th Cir. 1993).

At Ross's sentencing, the district court adopted the findings and reasoning of the presentence report and its addenda, which explained that the 2000 guidelines were used because using the 2003 guidelines would result in an ex post facto violation. By adopting the presentence report, the district court made the necessary findings and sufficiently explained its reasoning.  See United States v. Gallardo-Trapero, 185 F.3d 307, 323-24 (5th Cir. 1999).

AFFIRMED.